1  Richard Johnston - SBN 124524
   131-A Stony Circle, Suite 500
2  Santa Rosa, California 95401
   Telephone (707) 577-7422
3  Facsimile (707) 837-9532

4
   Attorney for Plaintiff
5  Arminda Y. Madrid

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9
   ARMINDA Y. MADRID,                    )   Case No.
10                                        )
                Plaintiff,                )   **COMPLAINT**
11                                        )
        vs.                               )
12                                        )
   DIONEX CORPORATION LONG TERM           )
13 DISABILITY PLAN,                       )
                                          )
14              Defendant.                )
   _____ )
15

16

17
        Plaintiff Arminda Y. Madrid alleges:
18

19
                        **Jurisdiction and Venue**
20
        **1.**      This action arises under the Employee Retirement Income Security Act of 1974,
21
   29 USC §1001 et seq. (ERISA) and more particularly 29 USC §§1132(a)(1)(B) and 1132(g).
22
   This court has jurisdiction in this matter under 29 USC §1132(e) and 28 USC §1367(a).  At
23
   relevant times, Ms. Madrid resided in Fremont, California, and the performance of various of
24
   defendants' obligations, which obligations defendants failed and refused to perform as herein
25
   alleged, was due at that location.
26
   //
27
   //
28
   _____
   COMPLAINT

**Factual Background**

2.    Ms. Madrid, at relevant times, has been an employee of Dionex Corporation.  As a function of this employment, Ms. Madrid was and is a qualified participant in and beneficiary of defendant Dionex Corporation Long Term Disability Plan ("the Plan"), which was established and maintained by Dionex for and on behalf of certain of its employees.  The Plan was funded through the purchase by Dionex of a group long term disability insurance policy issued by Reliance Standard Life Insurance Company.  The Plan was and is an employee benefit plans as defined by 29 USC §1002(3).

3.    Ms. Madrid currently suffers, and has suffered at relevant times, from, among other things, fibromyalgia, hypertension, chronic fatigue, and depression.  Her condition has rendered her disabled according to the terms of the Plan and thereby eligible for benefits under the Plan, and no contractual limitations or restrictions respecting her benefits are applicable under the terms of the Plan.

4.    On or about October 19, 2001, Ms. Madrid, pursuant to the terms of the Plan, submitted a claim for benefits under the Plan.

5.    Reliance Standard initially approved payment of benefits.  However, on November 8, 2002, Reliance Standard transmitted a letter to Ms. Madrid in which it advised her that benefits would be limited to 24 months in duration, based on Reliance Standard's erroneous and improper contention that her claim was subject to a contractual limitation applicable to mental or nervous disorders.

6.    On December 13, 2002, Reliance Standard wrote to Ms. Madrid, advising of its erroneous and improper contention that her claim, insofar as it was based on a diagnosis of fibromyalgia, was subject to a distinct limitation of benefits to 24 months' duration caused by

_____

COMPLAINT                                          2

1 "self reported conditions."

2

3    **7.**    On April 4, 2003, Reliance Standard again wrote to Ms. Madrid, this time adding

4 an inapplicable limitation of benefits to 24 months' duration for disabilities caused by

5 "musculoskeletal and connective disorders of the neck and back," in connection with her

6 fibromyalgia diagnosis, to its list of erroneous and improper reasons Ms. Madrid's benefits

7 would be limited to 24 months' duration.

8

9    **8.**    On April 14, 2003, Ms. Madrid wrote to Reliance Standard, objecting to its

10 previous invocations of contractual limitations to limit her benefits to 24 months' duration.

11

12    **9.**    On July 14, 2003, Reliance Standard wrote to Ms. Madrid, reaffirming its

13 erroneous and improper determinations respecting the various contractual limitations it had

14 cited.

15

16    **10.**    In November 2003, Reliance Standard erroneously and improperly terminated

17 Ms. Madrid's benefits as it had threatened to do in its earlier correspondence.

18

19    **11.**    On April 19, 2004, pursuant to the terms of the Plan, Ms. Madrid undertook an

20 administrative appeal of the termination of her benefits after only 24 months.

21

22    **12.**    On August 23, 2004, Reliance Standard advised Ms. Madrid of its erroneous and

23 improper determination on appeal to uphold the termination of benefits under the Plan.

24

25    **13.**    Ms. Madrid has exhausted all administrative remedies available to her under the

26 terms of the Plan, to no avail, in that Reliance Standard has persisted in its improper

27 termination of Ms. Madrid's benefits under the Plan.

28

_____

**First Cause of Action
To Recover Benefits Due Under an ERISA Plan,
Pursuant to 29 USC §1132(a)(1)(B)
And Attorney Fees and Costs Pursuant to 29 USC §1132(g)**

**14.**    Ms. Madrid refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

**15.**    As a direct and proximate result of the improper acts and/or omissions herein alleged, Ms. Madrid has had benefits wrongfully withheld from her under the terms of the Plan.

**16.**    As a direct and proximate result of the improper acts and/or omissions herein alleged, Ms. Madrid has been compelled to incur reasonable attorney fees and other costs associated with the investigation of her claim and the prosecution of this action.

**WHEREFORE,** Ms. Madrid prays for judgment as follows:

**1.**    An award of all benefits wrongfully withheld from her under the terms of the Plan, with pre-judgment and post-judgment interest thereon;

**2.**    An award of attorney fees and costs of suit as authorized by statute;

**3.**    For such other and further relief as the court may deem proper.

Dated: May __, 2007

_____
Richard Johnston
Attorney for Plaintiff
Arminda Y. Madrid

_____
COMPLAINT                                4