HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
kmcnamara@hfdclaw.com

Attorneys for Defendant DIONEX
CORPORATION LONG TERM
DISABILITY PLAN

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA Y. MADRID, | CASE NO. C 07 2839 JCS |
| Plaintiff, | Action Filed:   May 31, 2007 |
| v. | **ANSWER TO COMPLAINT** |
| DIONEX CORPORATION LONG TERM DISABILITY PLAN, | |
| Defendant. | |

Defendant Dionex Corporation Long Term Disability Plan hereby answers plaintiff's Complaint and asserts affirmative defenses as follows:

1. Admitted in part and denied in part. It is denied that defendant has failed or refused to perform any obligation owed by it under the terms of the Plan. The remaining averments are admitted.

2. Admitted in part and denied in part. It is denied that plaintiff is still an employee of Dionex Corporation and it is further denied that plaintiff is currently a participant and beneficiary of the Dionex Corporation Group Long Term Disability Plan. The remaining averments are admitted.

3. Admitted in part and denied in part. It is admitted only that plaintiff has been diagnosed with the conditions identified in this paragraph and that the Plan concluded that she was disabled at one point. It is denied that plaintiff is disabled from all of the conditions identified in this paragraph. It is further denied that plaintiff is eligible for benefits under the Plan and it is denied that no contractual limitations or restrictions apply to plaintiff's claim.

4. Admitted.

5. Admitted in part and denied in part. It is admitted only that the claim was initially approved and that Reliance Standard notified plaintiff that benefits were limited to 24 months based on the contractual limitations. Plaintiff's characterization of the November 8, 2002 letter is denied as stated as the letter is a document, the contents of which speak for themselves. It is further denied that Reliance Standard's conclusion was erroneous or improper.

6. Admitted in part and denied in part. It is admitted only that on or about December 13, 2002, Reliance Standard notified plaintiff that to the extent that her claim was based on the diagnosis of fibromyalgia, it was subject to the 24 month limit on self reported conditions. It is denied that Reliance Standard's conclusion was erroneous or improper.

7. Admitted in part and denied in part. It is admitted only that on or about April 4, 2003, Reliance Standard wrote to plaintiff about her claim. Plaintiff's characterization of the April 4, 2003 letter is denied as stated as the letter is a document, the contents of which speak for themselves. It is further denied that the policy provisions cited by Reliance Standard were inapplicable to the claim or were erroneous or improper.

8. Admitted.

9. Admitted in part and denied in part. It is admitted only that on or about July 14, 2003, Reliance Standard affirmed its decision terminating benefits. The remaining averments in this paragraph are denied.

10. Denied as stated. It is admitted only that benefits were terminated pursuant to the terms of the Plan.

11. Admitted.

12. Admitted in part and denied in part. It is admitted only that on or about August 23, 2004, Reliance Standard affirmed its decision terminating benefits. The remaining averments in this paragraph are denied.

13. Admitted in part and denied in part. It is admitted only that plaintiff has exhausted all administrative remedies under the Plan and that Reliance Standard upheld its decision to terminate benefits. The remaining averments in this paragraph are denied.

**FIRST CAUSE OF ACTION**

14. Defendant incorporates herein by reference its answers to paragraphs 1 through 13 as though the same were set forth here in full.

15. Denied

16. Denied.

1  WHEREFORE, defendant Dionex Corporation Long Term Disability Plan denies liability to plaintiff and requests that the court enter judgment in its favor on all claims and award to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

**Afirmative Defenses**

1. Plaintiff is not entitled to a jury trial under ERISA.

2. No benefits are owed under the Plan.

3. Plaintiff has received the maximum amount of benefits allowed under the Plan.

4. Plaintiff's claim for continued benefits is barred by the 24 month mental or nervous disorders limitation in the Plan.

5. Plaintiff's claim for continued benefits is barred by the 24 month limitation in the Plan for self reported conditions

6. The subject Plan grants to Reliance Standard discretionary authority to make eligibility decisions.

7. Reliance Standard's decision was not an abuse of discretion.

WHEREFORE, defendant Dionex Corporation Long Term Disability Plan denies liability to plaintiff and requests that the court enter judgment in its favor on all claims and award to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

DATED: August 3, 2007        HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: s/Kevin P. McNamara
KEVIN P. McNAMARA
Attorneys for Defendant DIONEX CORPORATION LONG TERM DISABILITY PLAN