Richard Johnston - SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 577-7422
Facsimile (707) 837-9532

Attorney for Plaintiff
Arminda Y. Madrid

HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. MCNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone: (213) 489-3222
Facsimile: (213) 623-7929

Attorneys for Defendant
Dionex Corporation Long Term Disability Plan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA Y. MADRID, | Case No. C 07-02839 CRB |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | **Case Management** |
| DIONEX CORPORATION LONG TERM DISABILITY PLAN, | **Conference:** October 12, 2007<br>**Time:** 8:30 a.m.<br>**Courtroom:** 8, 19th Floor |
| Defendant. | |
| | Hon. Charles R. Breyer |

The parties hereto, pursuant to the court's Clerk's Notice (August 8, 2007) and Order Setting Initial Case Management Conference and ADR Deadlines (May 31, 2007), submit this Joint Case Management Conference Statement.

///

///

///

**(1) Jurisdiction and Service.**

This is an action for disability benefits under the Employee Retirement Income Security Act (ERISA), 29 USC §1001 *et. seq.* This court has subject matter jurisdiction pursuant to 29 USC §1132(e) and 28 USC §1367(a). There are no existing issues respecting personal jurisdiction or venue. All parties have been served and have appeared.

**(2) Facts.**

Plaintiff Arminda Madrid was an employee of Dionex Corporation. She was covered for long-term disability benefits under defendant Dionex Corporation Long Term Disability Plan ("Plan"). In October 2001, she initiated a claim for long-term disability benefits based on her diagnoses of fibromyalgia, hypertension, chronic fatigue, and depression. The Plan provided benefits through November 2003, but terminated benefits at that time, pursuant to a determination by Reliance Standard Life Insurance Company, the claims administrator and insurer for the Plan. Ms. Madrid appealed the termination of benefits, and Reliance Standard affirmed the termination in August 2004. Reliance Standard asserted variously that Ms. Madrid's benefits were subject to termination after 24 months pursuant to plan limitations pertaining to mental and nervous disorders, self-reported conditions, and musculoskeletal conditions of the neck and back.

**(3) Legal Issues.**

The parties anticipate legal disputes in this matter concerning the determination and application of the standard of review to be applied to the termination of benefits. Ms. Madrid believes the termination was undue and improper and constituted an abuse of discretion pursuant to *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006) (*en banc*). She also anticipates issues relating to the proper interpretation and application of the various plan limitations invoked by Reliance Standard, as described above. She also anticipates issues relating to the appropriate scope of evidence to be considered by the court in its deliberations,

and whether the scope of evidence is necessarily confined to the administrative record as produced by Reliance Standard.

The Plan contends that the modified abuse of discretion standard of review applies pursuant to *Abatie, supra.* It is defendant's position that the court is limited to the contents of the administrative record when deciding the issue of eligibility.

**(4) Motions.**

There are no prior or pending motions.

The parties anticipate this matter will be resolved via cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-motions for judgment pursuant to Rule 52. There may also be discovery motions related to requests to be made by plaintiff.

**(5) Amendments of Pleadings.**

The parties do not anticipate adding or dismissing any parties, claims, or defenses, or to otherwise amend the pleadings absent some change in controlling law.

**(6) Evidence Preservation.**

Ms. Madrid has not destroyed any evidence in her possession or control relevant to the issues reasonably evident in this action. As an individual plaintiff, she has no document-destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

The Plan has preserved all evidence relating to plaintiff's claim, which is contained within the administrative record, a copy of which was provided to plaintiff with defendant's initial disclosures.

**(7) Disclosures.**

The parties met and conferred on August 16, 2007, and will make initial disclosures

pursuant to Rule 26 of the Federal Rules of Civil Procedure at a date prior to the case management conference.

**(8) Discovery.**

No discovery has been taken to date.

The Plan does not anticipate conducting any discovery.  Ms. Madrid maintains that discovery is appropriate and should be allowed into a variety of issues which bear on the question of the proper application of the judicial standard of review as established by *Abatie*, *supra,* and similar authorities.   The parties have met and conferred and anticipate there will be a need for judicial resolution of discovery issues on which agreement has not been, and is not likely to be, achieved.

**(9) Class Actions.**

Not applicable.

**(10) Related Cases.**

There are no related cases or proceedings pending before another judge of the court or before another court or administrative body.

**(11) Relief.**

Ms. Madrid seeks recovery of disability benefits under the Plan pursuant to 29 USC §1132(a)(1)(B).  Based on currently available information she approximates benefits to date at $103,680, with benefits continuing to accrue at the approximate rate of $2,304 per month.  Ms. Madrid also seeks pre- and post-judgment interest, and reasonable attorney fees pursuant to 29 USC §1132(g).

LTD Plan seeks judgment in its favor on all claims and reserves the right to seek fees under 29 USC §1132(g).

**(12) Settlement and ADR.**

The parties believe settlement discussions could be productive, and suggest referral to a magistrate judge for a settlement conference or, alternatively, a referral to mediation.  The Alternative Dispute Resolution Program office has scheduled an ADR Phone Conference for October 9.

**(13) Consent to Magistrate Judge for All Purposes.**

The Plan does not consent to have a magistrate judge conduct all further proceedings.

**(14) Other References.**

The parties do not consider this matter to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15) Narrowing of Issues.**

None other than as discussed above in Section 4.  The parties will continue to consider, and meet and confer on any issues that arise which may streamline trial of this matter.

**(16) Expedited Schedule.**

The parties do not believe the case could be practicably expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

**(17) Scheduling.**

The parties do not anticipate expert testimony, and therefore do not request a schedule for designation of experts or expert discovery.  The parties request a trial date within one year of the filing of the complaint, which was filed May 31, 2007.  The parties request that all other deadlines be set in accordance with this court's custom and practice.

**(18) Trial.**

The parties anticipate a bench trial, or alternatively cross-motions for summary judgment or for judgment under Rule 52, the hearing for which should be completed within one day.

**(19) Disclosure of Non-party Interested Entities or Persons.**

The Plan already filed its Certificate of Interested Entities or Persons.

Ms. Madrid is not aware of any other non-party interested entity or person.

**(20) Other matters.**

The parties are presently unaware of any other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.  They will continue to consider ways to further streamline this case and will bring any suggestions to the court should they arise.

Dated: October 5, 2007

_____/s/_____
Richard Johnston
Attorney for Plaintiff
Arminda Madrid

HARRINGTON, FOXX, DUBROW & CANTER LLP

_____/s/_____
By:     Kevin P. McNamara
Attorneys for Defendant
Dionex Corporation Long Term Disability Plan