HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
kmcnamara@hfdclaw.com

Attorneys for Defendant DIONEX
CORPORATION LONG TERM
DISABILITY PLAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA Y. MADRID,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DIONEX CORPORATION LONG TERM DISABILITY PLAN,<br><br>　　　　Defendant. | CASE NO. CV 07-02839 CRB<br><br>Action Filed: May 31, 2007<br>Assigned to Hon. Charles R. Breyer<br><br>**DIONEX CORPORATION LONG TERM DISABILITY PLAN'S RESPONSES TO PLAINTIFF'S INSPECTION DEMAND (SET ONE)** |

PROPOUNDING PARTY:     Plaintiff ARMINDA Y. MADRID

RESPONDING PARTY:     Defendant DIONEX CORPORATION LONG TERM DISABILITY PLAN

SET NUMBER:     One

Defendant, DIONEX CORPORATION LONG TERM DISABILITY PLAN hereby responds, pursuant to Federal Rules of Civil Procedure Rule 34, to Plaintiff's Request for Production of Documents, Set No. One as follows:

///

///

///

# INTRODUCTORY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any record herein, all of which objections and grounds are reserved and may be interposed at the time of trial.

This responding party is responding to the Request for Production of Documents to the extent that information has become known by it. However, this responding party's discovery and investigation and preparation of trial of this matter have not been completed as of the date of this response to the Request for Production of Documents and, therefore, this responding party does not purport to state anything more than information presently known and discovered by it.

This responding party reserves the right to continue discovery and investigation in this matter for facts, witnesses and supporting data that may recall information, which, if it had presently within its knowledge, would be included in these responses. Consequently, to the extent that the Request for Production of Documents herein asks for "all records" or the identity of "all documents", etc., they are responded to fully insofar as information is presently available to this responding party; this responding party is not precluded from presenting at trial information discovered after the date of the response to this Request for Production of Documents.

This preliminary statement is incorporated into each of the responses set forth below.

/ / /
/ / /
/ / /
/ / /
/ / /

**REQUEST NO. 1:**

To the extent not already produced in connection with initial disclosures herein, all responsive materials evidencing and/or reflecting the claim for benefits which is the subject matter of this action, including all "relevant" materials as defined in 29 CFR §2560.503-1(m)(8), and including without limitation the complete and unabridged "administrative record" or functional equivalent thereof, correspondence, memoranda, notes, notes of telephone conversations, calendars, appointment books, recordings, minutes of meetings, bills, invoices, receipts, photographs, telephone messages, e-mail or other form of electronic communication, computer printouts, diaries, transferable skills analyses, labor market surveys, vocational or medical analyses, file covers or jackets, and the like.

**RESPONSE TO REQUEST NO. 1:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

**REQUEST NO. 2:**

To the extent not already produced in connection with initial disclosures herein, all responsive materials evidencing and/or reflecting the terms of the Plan, including without limitation the underlying group disability insurance policy, all Summary Plan Descriptions as defined in 29 USC §1022, and the like.

**RESPONSE TO REQUEST NO. 2:**

Responding party will comply with this request by producing all responsive documents in its custody, possession or control.

/ / /

/ / /

/ / /

/ / /

/ / /

**REQUEST NO. 3:**

All responsive materials evidencing and/or reflecting any and all guidelines, policies, directives, standards, procedures, and/or similar materials relating to the processing of disability insurance claims by the Plan or by any administrator, fiduciary or agent of the Plan, including without limitation claim procedures maintained pursuant to 29 CFR §2560.503-1 and/or 10 Cal. Admin. Code § 2695.6(a), manuals, memoranda, policy statements, training materials, worksheets, workbooks, computerized or "on line" materials, orientation or "new employee" materials, and the like.

**RESPONSE TO REQUEST NO. 3:**

Responding party will comply with this request by producing the pertinent portions of Reliance Standard's claims manual. Responding party is informed and believes that Reliance Standard does not maintain copies of any additions, revisions, deletions or other changes made to the claims manual and thus produces the pertinent portions as they currently exist.

**REQUEST NO. 4:**

All responsive materials evidencing and/or reflecting additions, revisions, deletions or other changes that have been made in any of the materials described in requests numbers 2 or 3 from the time Ms. Madrid's claim was submitted up to and including the present.

**RESPONSE TO REQUEST NO. 4:**

Responding party possesses no documents responsive to this Request, as it does not maintain copies of any additions, revisions, deletions or other changes made to the document referenced in Request Nos. 2 and 3.

/ / /

/ / /

/ / /

**REQUEST NO. 5:**

All responsive materials evidencing and/or reflecting communications between the Plan or any administrator, fiduciary or agent of the Plan and the California Department of Insurance regarding compliance with 10 Cal. Admin. Code § 2695.6(b)(2) from January 1, 2001 to the present.

**RESPONSE TO REQUEST NO. 5:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

All responsive materials evidencing and/or reflecting training received by Regina Angiolillo in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 6:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

All responsive materials evidencing and/or reflecting training received by Jennifer Davis-Foltz in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 7:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

All responsive materials evidencing and/or reflecting training received by William Scott Hauptman, M.D. in compliance with 10 Cal. Admin. Code § 2695.6.

/ / /

/ / /

**RESPONSE TO REQUEST NO. 8:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

All responsive materials evidencing and/or reflecting training received by Kevin P. Hayes, M.D. in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 9:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

All responsive materials evidencing and/or reflecting training received by Denise Hein in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 10:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

All responsive materials evidencing and/or reflecting training received by Brian Hepburn in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 11:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

All responsive materials evidencing and/or reflecting training received by Karen McGill in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 12:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

All responsive materials evidencing and/or reflecting training received by Howard Miller in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 13:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:**

All responsive materials evidencing and/or reflecting training received by Carol Timlin in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 14:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 15:**

All responsive materials evidencing and/or reflecting training received by David Tomlinson in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 15:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:**

All responsive materials evidencing and/or reflecting training received by Jennifer Voisine in compliance with 10 Cal. Admin. Code § 2695.6.

**RESPONSE TO REQUEST NO. 16:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 17:**

All responsive materials evidencing and/or reflecting the drafting and formulation of the paragraph which begins "The claims review fiduciary has the discretionary authority..." on page AR14.

**RESPONSE TO REQUEST NO. 17:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks protected proprietary documents.

**REQUEST NO. 18:**

All responsive materials evidencing and/or reflecting the drafting and formulation of the section entitled "Mental or Nervous Disorders" on page AR21.

**RESPONSE TO REQUEST NO. 18:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks protected proprietary documents.

**REQUEST NO. 19:**

All responsive materials evidencing and/or reflecting the drafting and formulation of the definition of "pre-existing condition" on page AR10.

**RESPONSE TO REQUEST NO. 19:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks protected proprietary documents.

1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**REQUEST NO. 20:**

All responsive materials evidencing and/or reflecting the drafting and formulation of the section entitled "Limitations – Other Limited Benefits" on page AR22.

**RESPONSE TO REQUEST NO. 20:**

Objection: This Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks protected proprietary documents.

**REQUEST NO. 21:**

All responsive materials evidencing and/or reflecting the experience, training, education and/or other qualifications of William Scott Hauptman, M.D., including without limitation resumes, curricula vitae, transcripts, correspondence, memoranda, publications, professional or medical literature, and the like.

**RESPONSE TO REQUEST NO. 21:**

Objection: This Request is overbroad, burdensome and oppressive. It also seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks to invade the privacy rights of Dr. Hauptman's patients and of Reliance Standard Life Insurance Company's insureds. Subject to and without waiving the foregoing objections, responding party will comply with this Request by producing a copy of Dr. Hauptman's *curriculum vitae.*

**REQUEST NO. 22:**

All responsive materials, redacting therefrom any matter from which the identities of the respective claimants might be ascertained, evidencing and/or reflecting all file reviews conducted by William Scott Hauptman, M.D. for the Plan or for any administrator, fiduciary or agent of the Plan, from January 2001 to the present,

/ / /

including without limitation memoranda, reports, e-mails, correspondence, notes of telephone conversations, and the like.

**RESPONSE TO REQUEST NO. 22:**

Objection: This Request is overbroad, burdensome and oppressive. It also seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks to invade the privacy rights of Dr. Hauptman's patients and of Reliance Standard Life Insurance Company's insureds.

**REQUEST NO. 23:**

All responsive materials evidencing and/or reflecting all financial remuneration paid by the Plan, or by any fiduciary, administrator or agent of the Plan, to William Scott Hauptman, M.D. or to any other person or entity on account of services rendered by Dr. Hauptman, from January 2001 to the present, including without limitation invoices, bills, time sheets, checks, IRS reporting forms, and the like.

**RESPONSE TO REQUEST NO. 23:**

Objection: This Request is overbroad, burdensome and oppressive. It also seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks to invade the privacy rights of Dr. Hauptman, his patients and of Reliance Standard Life Insurance Company's insureds. Subject to and without waiving the foregoing objections, responding party will comply with this Request by producing a copies of all IRS reporting forms pertaining to Dr. Hauptman from years 2001 through 2003.

**REQUEST NO. 24:**

All responsive materials evidencing and/or reflecting any corporate, contractual, or other relationship between (1) the Plan or any fiduciary, administrator or agent of the Plan and (2) William Scott Hauptman, M.D. and/or any other person or entity

///

providing, arranging or otherwise involved in any services rendered by Dr. Hauptman for the Plan and/or for any fiduciary, administrator or agent of the Plan.

**RESPONSE TO REQUEST NO. 24:**

Objection: This Request is overbroad, burdensome and oppressive. Further, this Request is vague and ambiguous. Subject to and without waiving the foregoing objections, responding party will comply with this request by producing copies of the contract between Dr. Hauptman and Reliance Standard Life Insurance Company that governed his work on this file.

**REQUEST NO. 25:**

All responsive materials evidencing and/or reflecting the experience, training, education and/or other qualifications of Kevin P. Hayes, M.D., including without limitation resumes, curricula vitae, transcripts, correspondence, memoranda, publications, professional or medical literature, and the like.

**RESPONSE TO REQUEST NO. 25:**

Objection: This Request is overbroad, burdensome and oppressive. It also seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks to invade the privacy rights of Dr. Hayes' patients and of Reliance Standard Life Insurance Company's insureds. Subject to and without waiving the foregoing objections. See the administrative record.

**REQUEST NO. 26:**

All responsive materials, redacting therefrom any matter from which the identities of the respective claimants might be ascertained, evidencing and/or reflecting all file reviews conducted by Kevin P. Hayes, M.D. for the Plan or for any administrator, fiduciary or agent of the Plan, from January 2001 to the present,

///

including without limitation memoranda, reports, e-mails, correspondence, notes of telephone conversations, and the like.

**RESPONSE TO REQUEST NO. 26:**

Objection: This Request is overbroad, burdensome and oppressive. It also seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks to invade the privacy rights of Dr. Hayes' patients and of Reliance Standard Life Insurance Company's insureds.

**REQUEST NO. 27:**

All responsive materials evidencing and/or reflecting all financial remuneration paid by the Plan, or by any fiduciary, administrator or agent of the Plan, to Kevin P. Hayes, M.D. or to any other person or entity on account of services rendered by Dr. Hayes, from January 2001 to the present, including without limitation invoices, bills, time sheets, checks, IRS reporting forms, and the like.

**RESPONSE TO REQUEST NO. 27:**

Objection: This Request is overbroad, burdensome and oppressive. It also seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks to invade the privacy rights of Dr. Hayes, his patients and of Reliance Standard Life Insurance Company's insureds.

**REQUEST NO. 28:**

All responsive materials evidencing and/or reflecting any corporate, contractual, or other relationship between (1) the Plan or any fiduciary, administrator or agent of the Plan and (2) Kevin P. Hayes, M.D. and/or any other person or entity providing, arranging or otherwise involved in any services rendered by Dr. Hayes for the Plan and/or for any fiduciary, administrator or agent of the Plan.

/ / /

/ / /

**RESPONSE TO REQUEST NO. 28:**

Objection: This Request is overbroad, burdensome and oppressive. Further, this Request is vague and ambiguous. Further, this request seeks protected proprietary information. Subject to and without waiving the foregoing objections, responding party possesses no documents responsive to this request, as it has no contract with Dr. Hayes.

**REQUEST NO. 29:**

All responsive materials evidencing and/or reflecting any corporate, contractual, or other relationship(s), including the negotiation, consummation, and/or maintenance of such relationship(s), between and/or among any two or more of the following: Reliance Standard Life Insurance Company; Matrix Absence Management, Inc.; Delphi Financial Group, Inc.; United Review Services, Inc.

**RESPONSE TO REQUEST NO. 29:**

This Request is overbroad, burdensome and oppressive. Further, this Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks protected from proprietary information.

**REQUEST NO. 30:**

All responsive materials evidencing and/or reflecting any corporate, contractual, or other relationship(s), including the negotiation, consummation, and/or maintenance of such relationship(s), between and/or among Dionex Corporation and any one or more of the following: Reliance Standard Life Insurance Company; Matrix Absence Management, Inc.; Delphi Financial Group, Inc.; United Review Services, Inc.

**RESPONSE TO REQUEST NO. 30:**

This Request is overbroad, burdensome and oppressive. Further, this Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of

1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

admissible evidence. Further, this Request seeks protected from proprietary information. Subject to and without waiving the foregoing objections, responding party refers plaintiff to the insurance contract at issue, which is contained within the administrative record.

**REQUEST NO. 31:**

All responsive materials evidencing and/or reflecting the "findings of the panel" and/or the "final notes" referenced in Brian Hepburn's May 21, 2002 e-mail to Ms. Madrid (AR263).

**RESPONSE TO REQUEST NO. 31:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

**REQUEST NO. 32:**

All responsive materials evidencing and/or reflecting the October 12, 2002 telephone voicemail message from Ms. Madrid, as described in Denise Hein's October 14, 2002 correspondence (AR216).

**RESPONSE TO REQUEST NO. 32:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

**REQUEST NO. 33:**

All responsive materials evidencing and/or reflecting the review by in-house medical staff referenced in the October 29, 2002 Appeal Review Summary by Denise Hein (AR559).

**RESPONSE TO REQUEST NO. 33:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**REQUEST NO. 34:**

All responsive materials evidencing and/or reflecting the October 24, 2002 "ERISA Review" described in the document entitled "Medical/Vocational Review" dated November 14, 2002 (AR351).

**RESPONSE TO REQUEST NO. 34:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

**REQUEST NO. 35:**

All responsive materials evidencing and/or reflecting reviews by staff or by independent consultants of articles and documentation as described in Karen McGill's June 25, 2003 e-mail to Ms. Madrid (AR167).

**RESPONSE TO REQUEST NO. 35:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

**REQUEST NO. 36:**

All responsive materials evidencing and/or reflecting the referral of Ms. Madrid's claim to William Scott Hauptman, M.D., which referral resulted in Dr. Hauptman's report of June 28, 2003 (AR120-127).

**RESPONSE TO REQUEST NO. 36:**

Responding party possesses no responsive documents other than those already produced in connection with its initial disclosures.

**REQUEST NO. 37:**

All responsive materials identified in your response to interrogatory number 4 of Madrid's First Set of Interrogatories to defendant Dionex LTD Plan, which interrogatories were served on your counsel October 11, 2007.

**RESPONSE TO REQUEST NO. 37:**

See response to Interrogatory No. 4.

**REQUEST NO. 38:**

All responsive materials identified in your response to interrogatory number 8 of Madrid's First Set of Interrogatories to defendant Dionex LTD Plan, which interrogatories were served on your counsel October 11, 2007.

**RESPONSE TO REQUEST NO. 38:**

See response to Interrogatory No. 8.

**REQUEST NO. 39:**

All responsive materials identified in your response to interrogatory number 12 of Madrid's First Set of Interrogatories to defendant Dionex LTD Plan, which interrogatories were served on your counsel October 11, 2007.

**RESPONSE TO REQUEST NO. 39:**

Not applicable.

**REQUEST NO. 40:**

All responsive materials identified in your response to interrogatory number 16 of Madrid's First Set of Interrogatories to defendant Dionex LTD Plan, which interrogatories were served on your counsel October 11, 2007.

**RESPONSE TO REQUEST NO. 40:**

Not applicable.

**REQUEST NO. 41:**

All responsive materials identified in your response to interrogatory number 20 of Madrid's First Set of Interrogatories to defendant Dionex LTD Plan, which interrogatories were served on your counsel October 11, 2007.

**RESPONSE TO REQUEST NO. 41:**

See response to Interrogatory No. 20.

DATED: November 20, 2007      HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: _____/s/_____
KEVIN P. McNAMARA
Attorneys for Defendant DIONEX CORPORATION LONG TERM DISABILITY PLAN

1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

# PROOF OF SERVICE

## (Re: <u>Madrid v. Dionex</u>)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On **November 20, 2007**, I served the foregoing document described as **DIONEX CORPORATION LONG TERM DISABILITY PLAN'S RESPONSES TO PLAINTIFF'S INSPECTION DEMAND (SET ONE)** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Richard Johnston, Esq.
131-A Stony Circle, Suite 500
Santa Rosa, CA 95401
Ph:  (707) 577-7422
Fax: (707) 837-9532
richardjohnstonesq@gmail.com

[ ]  **BY MAIL-** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **VIA ELECTRONIC MAIL** - said document is delivered to all interested parties by electronic mail through the CM/ECF process.

[ ]  **BY OVERNIGHT DELIVERY-** I deposited a copy of above document(s) in a box or other facility regularly maintained by **FEDERAL EXPRESS,** an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents(s) in an envelope or package designated by the said express carrier, with delivery fees paid or provided for, to be delivered to the office(s) of the addressee(s) shown above.

Executed on **November 20, 2007**, at Los Angeles, California.

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

s/Lynn Katata
LYNN KATATA

F:\CASE\RAW\3122\DISCOVERY\Resp to RFP 1.wpd

DIONEX CORPORATION'S RESPONSES TO INSPECTION DEMAND PROPOUNDED BY PLAINTIFF (SET ONE)

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **DIONEX CORPORATION LONG TERM DISABILITY PLAN'S RESPONSES TO PLAINTIFF'S INSPECTION DEMAND (SET ONE)** and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am the Director, Quality Review at RELIANCE STANDARD LIFE INSURANCE COMPANY, the claims review fiduciary for defendant Dionex Corporation Long Term Disability Plan, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on November 20, 2007, at Philadelphia, Pennsylvania.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Richard Walsh

F:\CASE\RAW 3122\DISCOVERY\Verification (Walsh).wpd