HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
kmcnamara@hfdclaw.com

Attorneys for Defendant DIONEX
CORPORATION LONG TERM
DISABILITY PLAN

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMINDA Y. MADRID, <br><br> Plaintiff, <br><br> v. <br><br> DIONEX CORPORATION LONG TERM DISABILITY PLAN, <br><br> Defendant. | CASE NO. CV 07-02839 CRB <br><br> Action Filed: May 31, 2007 <br> Assigned to Hon. Charles R. Breyer <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date:  **February 29, 2008** <br> Time:  **10:00 a.m.** <br> Ctrm:  **8** |

## 1. INTRODUCTION

The parties have both filed motions for summary judgment. The factual and procedural history of this case are set forth in Defendant's Motion for Summary Judgment, previously submitted. Accordingly, defendant will not repeat the detailed description previously provided and which is incorporated herein.

Plaintiff acknowledges that the Policy in this case includes a grant of discretion to Reliance Standard. Based on this fact, the deferential arbitrary and capricious standard of review applies. However, plaintiff devotes most of her brief to arguing that there either should be no deference (an argument that is contrary to established law)

/ / /

1  or that the deference owed should be significantly reduced. In fact, plaintiff focuses so
2  much on these arguments that she fails to explain how she is entitled to benefits.
3       Plaintiff argues that Reliance Standard's claim decision deserves "scant"
4  deference because, according to her, it wrongly "shoehorned" her claim into one of the
5  Policy's 24-month limitations just to "line its own pockets." This is not true. Review
6  of the record leaves no doubt that plaintiff's claim falls squarely within several of the
7  Policy's limitations. The undisputed facts show that plaintiff has received benefit
8  payments for 24 months and, under the unambiguous language in the Policy, she has
9  received the maximum benefits for depression, anxiety, bipolar disorder, fibromyalgia
10 and chronic fatigue. While plaintiff argues for a lesser standard of review in apparent
11 recognition that she cannot prevail under deferential review, the standard truly does not
12 matter in this case. Even under *de novo* review, which does not apply to this claim,
13 plaintiff could not prevail.

15 **2.     ARGUMENT**

16      Plaintiff acknowledges that there is an express grant of discretion to Reliance
17 Standard in the Policy, which requires the use of the abuse of discretion standard of
18 review in this case. See brief of plaintiff at page 19. However, plaintiff questions the
19 validity of that grant. In footnote 8 of her brief she cites to a recent decision from the
20 Ninth Circuit as supporting her position. In *Saffon v. Wells Fargo LTD Plan*, __ F.3d
21 __, 2008 WL 80704 (9th Cir. Jan. 8, 2008), the Court noted that the Certificate booklet
22 included a grant of discretion and reviewed the claim decision under the arbitrary and
23 capricious standard. Plaintiff also argues that some states have concluded that grants
24 of discretion make the policies illusory. Of note, the case she cites for this point also
25 concluded that discretionary review applied. Under the law of this Circuit, it is the
26 arbitrary and capricious standard as set forth in *Abatie v. Alta Health & Life Ins. Co.*,
27 458 F.3d 955, 965 (9th Cir. 2006), that applies.
28 / / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

Further, defendant has never disputed a "structural" conflict of interest exists because Reliance Standard, as the Plan's insurer, pays any benefits awarded. (AR 14). When there is a structural or technical conflict such as in this case, without evidence of something more, the court will apply a low level of skepticism to the decision. *Abatie*, 458 F.3d at 968-69. Here, there is no real evidence that a conflict of interest infected defendant's evaluation of plaintiff's claim so that deference should be lessened to any significant degree.

In support of her argument that Reliance Standard's termination of benefits should be given "scant deference," plaintiff asserts three main arguments: inconsistency of claim decisions; "shoehorning" of her claim into a Policy limitation; and failing to adequately investigate her claim. Plaintiff's first argument can be disposed of immediately. She argues that Reliance Standard "gave many inconsistent reasons for claim denial or termination" and refers this court to numerous letters dated between July 17 2002 and April 4, 2003 in an attempt to falsely portray Reliance Standard as constantly "denying" her claim just to "line its own pockets." See brief of plaintiff at page 19. This is untrue. In fact, plaintiff's own descriptions show that the Policy's limitations were consistently raised as the basis for denial.

Nor were all of the letters referenced by plaintiff claim denials as plaintiff would have this Court believe. The November 8, 2002 letter is the notice to plaintiff that her claim was *approved*. (AR 209-210). If Reliance Standard was so determined not to pay benefits as argued by plaintiff, why did it approve the claim? The purpose of the December 13, 2002 letter was to correct an error in earlier correspondence and was not a denial. (AR 208). The purpose of the April 4, 2003 letter was to advise plaintiff of the various limitations in the Policy. (AR 205-206). There was no denial involved with it. The December 29, 2003 letter notified plaintiff that she received the maximum amount of benefits and advised her of her appeal rights.

/ / /

/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

(AR 145-147).  If anything, Reliance Standard went beyond what is required of it under ERISA to keep Ms. Madrid informed.  It cannot be faulted for doing so.

Plaintiff's second argument regarding the standard of review actually goes to the merits of the claim.  Plaintiff argues that Reliance Standard improperly tried to force her claim into the Plan's 24 month limit on benefits for mental or nervous disorders.  Plaintiff cannot legitimately dispute that she has been diagnosed with bipolar disorder, depression and anxiety, all of which are specifically included in the Policy's limitation.  (AR 21).  She may not have liked these diagnoses, but it is undisputed that her medical treatment included psychotherapy and psychotropic medication.  (AR 532-533).  Any disabilities caused or contributed to by bipolar disorder, depression and/or anxiety fall squarely within the Policy's 24 month limit for Mental or Nervous Disorders.

Second, plaintiff has been diagnosed with Fibromyalgia and Chronic Fatigue Syndrome.  The Policy limits claims based on "Self Reported Conditions" *and* Chronic Fatigue Syndrome to 24 months.  (AR 22).  Separately, the Policy limits benefits to 24 months for "musculoskeletal and connective tissue disorders of the neck and back."  While plaintiff denies the applicability of this provision to fibromyalgia, she fails to cite to any medical support.  Moreover, the first limitation specifically applies to chronic fatigue syndrome, which is a condition on which plaintiff bases her claim.  (AR 22).  Again, these limitations apply to plaintiff's claim and limit benefits to a maximum of 24 months.  Since plaintiff has already received 24 months of benefits, she is not entitled to further benefits under the Policy.

Plaintiff devotes a substantial part of her motion protesting Reliance Standard's finding that her claim was caused at least in part by her diagnosis of depression.  Along that line, she previously sent Reliance Standard numerous letters exclaiming that "Fibromyalgia Syndrome is the main disabling condition that I have."[1]  (AR 67).  She fails to acknowledge, however, that even if this Court were to accept plaintiff's

---

[1] However, on her applications for disability benefits, plaintiff's treating physician verified that she was unable to work due at least in part to depression and anxiety.  (AR 72, 84).

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

assertion that her entire disability is caused by "Fibromyalgia Syndrome," her claim is nonetheless barred by a 24 month limitation as stated above. (AR 64).

The term "Self-Reported Conditions" is defined in the Policy as "conditions which, when reported by the Insured's Physician, cannot be verified using generally accepted standard medical procedures and practices." (AR 22). The Policy identifies examples of such conditions as headaches, dizziness, fatigue, loss of energy, and pain. (AR 22). Plaintiff's diagnosis of fibromyalgia is based entirely on her subjective complaints of pain to her doctors. Whether her symptoms of depression, anxiety and bipolar disorder were related to Fibromyalgia or are entirely separate is of no consequence. Under this unambiguous Policy language, she has exhausted her entitlement to benefits based on *any* of these diagnoses.

Plaintiff next argues that Reliance Standard's claim decision should not be given deference because it "failed to adequately investigate the claim in many respects." In support of this argument plaintiff refers to the reports prepared by Drs. Hauptman and Hayes. Contrary to her argument, many courts have held that a request by a plan for an independent review is evidence of a *good faith* review and the absence of a conflict of interest. *See Fought v. Unum Life Ins. Co. of Am.*, 379 F.3d 997, 1015 (10th Cir. 2004); *Leahy v. Raytheon Company*, 315 F.3d 11, 16 (1st Cir. 2002); *Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1148 (7th Cir. 1998).

Plaintiff first criticizes Reliance Standard's referral of her claim file to Dr. Hauptman. Citing to a few decisions by other district courts, plaintiff argues that Dr. Hauptman has been criticized by courts. It is worth noting that most of the cases relied on by plaintiff were decided prior to the decision by the Supreme Court of the United States in *Black & Decker Disability Plan v. Nord,* 538 U.S. 822 (2003), and those courts based their respective decisions to a large degree on the treating physician rule which the Supreme Court found to be inapplicable. Plaintiff also cites to a decision from the Central District of California in *Gunn* that has since be vacated by the Ninth Circuit. Contrary to plaintiff's allegations of bias, there are numerous decisions by

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

courts in which Dr. Hauptman's opinion has been accepted. *See Schmidlkolfer v. Directory Distrib. Assocs.*, 107 Fed. Appx. 631 (6th Cir. 2004); *Robyns v. Reliance Standard Life Ins. Co.*, No. 98-1241, 2003 WL 21850820 (S.D. Ind. July 10, 2003); *Wright v. Matrix Absence Mgmt., Inc.*, No. 03-6160, 2005 WL 475173 (E.D. Pa. Mar. 1, 2005). Moreover, in *Beckstrand v. Electronic Arts Disability Plan*, No. CV 05-323 (E.D. Cal. Oct. 31, 2005), it was the claimant who relied on the opinion of Dr. Hauptman in support of his claim.

Obviously, plaintiff's "evidence" of bias on the part of Dr. Hauptman is of limited value. Dr. Hauptman's opinions cannot alter the exclusions that are in the Policy and that apply to this claim. Moreover, Dr. Hauptman's opinions are based on the medical records of plaintiff's own doctors. It is these treating doctors who described her anxiety and depression, conditions that are specifically excluded after 24 months.

Plaintiff also criticizes Reliance Standard's referral of her claim file to Dr. Hayes. Yet, if Reliance Standard did not have the records reviewed by an outside doctor, plaintiff would have criticized Reliance Standard for not obtaining an independent opinion. It is also important to note that Reliance Standard did not select Dr. Hayes. Reliance Standard asked United Review Services to select the doctor in this case. (AR 452). Moreover, as noted with Dr. Hauptman above, it was plaintiff's own doctors' comments that were referenced by Dr. Hayes. For example, it is Dr. Fabric who diagnosed bipolar disorder and depression. (AR 457). It is also Dr. Fabric who mentioned prior depression and anxiety. (AR 457). Dr. Fabric also mentioned that plaintiff did not accept the diagnosis of bipolar disorder and thought that all of her problems were due to fibromyalgia. (AR 458).

The Plan in this case grants to Reliance Standard discretionary authority. Therefore, Reliance Standard's decision must be reviewed with at least some deference. Plaintiff's arguments of bias are unsubstantiated. It appears that plaintiff devotes so much space in her brief to the conflict of interest question because she realizes that she

has multiple burdens in this case that she cannot come close to meeting. Plaintiff must prove that she is disabled solely as a result of fibromylagia since each of the other conditions is specifically excluded from coverage after 24 months. Then, she must prove that fibromyalgia itself is not subject to any of the limitations described above. Plaintiff cannot meet these burdens.

Plaintiff misstates Reliance Standard's positions. Reliance Standard is *not* saying that a claimant with a physical disability is not entitled to benefits if they also have a mental or nervous disorder. However, the symptoms attributable to the mental or nervous disorder cannot be a basis for claiming benefits after 24 months. So what medical evidence does plaintiff cite in support of her argument that she is disabled solely as a result of her physical condition? None.

Plaintiff attempts to identify her claim with those of the plaintiffs in *Henry v. Home Ins. Co.*, 907 F. Supp. 1392, 1396 (C.D.Cal. 1995) and in *Sheehan v. Metropolitan Life Ins. Co.*, 368 F.Supp.2d 228 (S.D.N.Y. 2005). *Henry* involved a pre-existing conditions limitation contained in an *accident* policy under which that plaintiff sought benefits after injuring his eye. The relevance of this case is entirely lost on the defendant. Unlike *Sheehan*, this case is not about whether plaintiff is or is not Totally Disabled. That decision has already been made and Reliance Standard has paid plaintiff benefits for 24 months. The issue in this case is whether benefits are payable after 24 months. As explained above, they are not.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

### 3. **CONCLUSION**

Plaintiff's claim was properly limited because she is not entitled to benefits beyond 24 months based on the conditions on which she bases her claim. Because the claim decision cannot be considered arbitrary and capricious, defendant is entitled to judgment in its favor.

DATED: February 8, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: s/Kevin P. McNamara
KEVIN P. McNAMARA
Attorneys for Defendant DIONEX CORPORATION LONG TERM DISABILITY PLAN

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

F:\CASE\RAW.3122\PLEADINGS\P&A in Opp to Plfs MSJ.wpd    -8-    CV 07-02839 CRB
MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MSJ