HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
kmcnamara@hfdclaw.com

Attorneys for Defendant DIONEX
CORPORATION LONG TERM
DISABILITY PLAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA Y. MADRID,<br><br>Plaintiff,<br><br>v.<br><br>DIONEX CORPORATION LONG TERM DISABILITY PLAN,<br><br>Defendant. | CASE NO. CV 07-02839 CRB<br><br>Action Filed: May 31, 2007<br>Assigned to Hon. Charles R. Breyer<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     February 29, 2008<br>Time:    10:00 a.m.<br>Ctrm:    8 |

Counsel for plaintiff not only misstates the arguments raised by the Plan in its motion for summary judgment, but also the bases for the denial of benefits. The most significant misstatement is plaintiff's argument that Reliance Standard did not base its decision to discontinue benefits on the "Self-Reported Conditions" limitation in the Policy. This limitation is specifically identified in the initial decision, the first appeal decision letter and the final decision letter. Ms. Madrid clearly understood that the initial denial was based on the Self-Reported Conditions limitations as her appeal argued that her condition, fibromyalgia, does not fall within this limitation. (AR 115). In response, Reliance Standard explained in the appeal decision letter that plaintiff's symptoms are "identical to those listed in the definition of a self-reported illness." (AR 115). Therefore, there is absolutely no basis for plaintiff's argument that the Plan

cannot rely on the self-reported conditions limitation in its motion for summary judgment since it was not raised during the administrative process.

As stated above, plaintiff also misstates the Plan's basis for denying benefits. Reliance Standard did *not* conclude, as argued by plaintiff, that based on the mental or nervous disorders limitation plaintiff could not seek benefits for *any* condition after 24 months. Plaintiff's diagnoses include anxiety, bipolar disorder and depression. (AR 115). There can be no dispute that these conditions are subject to the 24 month limitation for mental or nervous disorders since the policy specifically defines "mental or nervous disorders" to include them. (AR 21). Accordingly, plaintiff's disability claim cannot be based in any way on these mental or nervous disorders.

Separate from the mental or nervous disorders limitation, Reliance Standard explained that plaintiff was ineligible for further benefits for her *physical* conditions based on *separate* limitations in the Policy. (AR 115-117). One of these limitations is the 24 month limit on Self-Reported Conditions. As noted above, plaintiff argues that the plan may not rely on this limitation since it was not raised in the final decision to discontinue benefits. According to plaintiff, the limitation was only mentioned "in passing." This statement is false. First of all, plaintiff does not even dispute that the Self-Reported Symptoms limitation was included in the initial denial, thus allowing plaintiff to respond to it. All of the cases relied on by plaintiff concern a plan's failure during the entire administrative process to raise a defense without allowing the claimant the opportunity to respond. This is not the case here. Plaintiff had more than one opportunity to explain why she disagreed with the denial based on the Self-Reported Conditions limitation. She clearly had a "full and fair review" of her claim.

Plaintiff knew that the claim was denied based in part on the Self-Reported Conditions limitation. This was part of her appeal. (AR 115). Reliance Standard specifically responded to her arguments in its appeal decision when it stated that benefits were "limited to 24 months due to both the limitations for mental disorders and self-reported illnesses." (AR 115). As Reliance Standard explained, plaintiff's

symptoms from fibromyalgia were "identical to those listed in the definition of a self-reported illness." (AR 115). Reliance Standard could not have made its decision any clearer.

After the 24 months of benefits were paid in full, plaintiff again questioned the discontinuation of benefits based on the various limitations. Once again, Reliance Standard's decision letter identified the 24 month limit on Self-Reported Conditions as well as the definition of "Self-Reported Conditions." (AR 47). If Reliance Standard was not relying on this provision, it would not have quoted it in full. Nor in that letter did Reliance Standard state that it no longer considered the Self-Reported Conditions limitation to apply. Accordingly, there is no merit to plaintiff's argument that Reliance Standard has somehow waived the limitation.

Why does plaintiff argue so strongly that the Self-Reported Conditions limitation should not apply to her claim? The answer is obvious. Her various mental illnesses are specifically excluded from additional coverage. So too are the symptoms related to chronic fatigue syndrome as that condition is specifically identified in the limitation. (AR 22). Therefore, the *only* condition left for plaintiff is fibromyalgia. However, this condition is clearly subject to the 24 month limit on benefits per the "Self-Reported Conditions limitation."

The policy defines "Self-Reported Conditions" as "those conditions which, when reported by the Insured's Physician, cannot be verified using generally accepted standard medical procedures and practices. Examples of such conditions, include, but are not limited to, headaches, dizziness, fatigue, loss of energy or pain." (AR 22). This definition describes plaintiff's disability claim and fibromyalgia. On the application for short term disability benefits, plaintiff stated that she could not work due to "pain all over my body and headaches **due to fibromyalgia syndrome**." (AR 73). Pain and headaches are specifically included in the definition of Self-Reported Conditions. (AR 22). On the Physician's Statement submitted in connection with her claim, her doctor stated that her symptoms included "constant pain all over her body"

and "fatigue." (AR 84). These symptoms mirror the definition of self-reported conditions. (AR 22).

Although not specifically addressing a Self-Reported Conditions limitation, language from the Ninth Circuit's decision in *Jordan v. Northrop Grumman*, 370 F.3d 869 (9th Cir. 2004) supports the applicability of the limitation in this case. Quoting from the American College of Rheumatology, the Ninth Circuit recognized that "symptoms of fibromyalgia are potentially 'soft' and may be subject to examiner interpretation." *Id.* at 873. The Court further explained:

> The symptoms of fibromyalgia consist of the patient's reports of pain and nothing else. Objective tests, such as myelograms, rather than proving the existence of fibromyalgia, are used to rule out alternative explanations for the pain, leaving fibromyalgia the remaining label for the collection of symptoms.

*Id.* at 877. Based on this discussion, fibromyalgia can only be considered a Self-Reported Condition.

Plaintiff bases her claim for continued disability benefits on one condition – fibromyalgia. Based on the descriptions of that condition from her own doctor, it falls within the definition of "Self-Reported Conditions." Accordingly, benefits were properly discontinued after 24 months. Plaintiff's request to this Court to ignore the limitation is contrary to the language in the policy, the reasons for the denial of

///
///
///
///
///
///
///

benefits and the law of this Circuit. Accordingly, the Plan is entitled to judgment in its favor.

DATED: February 14, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: s/Kevin P. McNamara
KEVIN P. McNAMARA
Attorneys for Defendant DIONEX CORPORATION LONG TERM DISABILITY PLAN

1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222